# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ERLINDO RODRIGUEZ, JR.,

Plaintiff,

v.

D. CAMPBELL,

Defendant.

Case No. 1:26-cv-01703-BAM (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION

(ECF No. 1)

**FOURTEEN (14) DAY DEADLINE**

## I. Background

Plaintiff Erlindo Rodriguez, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The matter was transferred to this Court on March 2, 2026. (ECF No. 4.) On June 16, 2026, the Court screened Plaintiff's complaint, filed on February 23, 2026. (ECF No. 1.) The Court determined that on the face of the complaint, Plaintiff's claims appeared to be time barred and ordered him to show cause why this action should not be dismissed as barred by the statute of limitations. (*Id.*) On July 8, 2026, the Court granted Plaintiff a twenty-one (21) day extension of time to file a written response to the show cause order. (ECF No. 14.) Despite the extension, Plaintiff did not file a timely response to the Court's show cause order. For the reasons discussed below, the Court finds that Plaintiff's § 1983 claims are time barred and will recommend that this action be dismissed.

**II. Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Mos*s, 572 F.3d at 969.

**III. Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Sacramento. The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison. Plaintiff names Officer D. Campbell as the sole defendant.

Plaintiff asserts a claim for excessive force in violation of the Eighth Amendment. Plaintiff alleges:

> On 5-21-2020, all of a sudden I was slam to the ground recieving kick's, punche's and then I got choke. I was told to be quiet to shut the fuck up. I heard him talking the hole time. So I am sure the officer who assaulted me was officer Campbell.

> Plus watch comander Edwards at K.V.S.P. told me there should be footage of the insident due to the eye of God; sitelight is watching the prison.

(ECF No. 1 at 3 (unedited text).) Plaintiff complains of mental and physical injuries. (*Id.*) He seeks monetary compensation in the amount of 77 million. (*Id.* at 6.)

**IV. Discussion**

Plaintiff's complaint alleges a time-barred claim. Section 1983 contains no specific statute of limitations. Therefore, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927; *Maldonado*, 370 F.3d at 954−55.

Federal law determines when a civil rights claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); *Maldonado*, 370 F.3d at 955; *Fink*, 192 F.3d at 914.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations found in state law. *Jones*, 393 F.3d at 927. Under California law, the two-year statute of limitations is tolled during the time a prisoner pursues his administrative remedies and is potentially tolled up to an additional two years if Plaintiff is incarcerated for a term of less than life. *Douglas*, 567 F.3d at 1109 ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling. Section 1983 claims are characterized as personal injury suits for statute of limitations purposes." (citations omitted)); *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."); Cal. Civ. Proc. Code §§ 335.1, 352.1(a) ("If a person entitled to bring an action, . . ., is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.").

California law also provides for equitable tolling of the statute of limitations where a plaintiff meets three conditions: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." *Fink*, 192 F.3d at 916 (citation and quotation marks omitted); *see also Addison v. State of Cal.*, 21 Cal. 3d 313, 319 (1978) (citations omitted). The plaintiff bears the burden to allege facts to support equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

While it generally must be raised as an affirmative defense, a time-barred claim may be dismissed at the screening stage when expiration of the applicable statute of limitations is apparent on the face of the complaint. *See Belanus v. Clark*, 796 F.3d 1021, 1026-27 (9th Cir. 2015); *see also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (explaining claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations when the running of the statute is apparent on the face of the complaint); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993) (indicating failure to comply with applicable statute of limitations may be grounds for dismissal at the screening phase if it is evident from the face of the complaint that the plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue").

Based on the allegations in Plaintiff's complaint, it appears that his sole claim is barred by the statute of limitations. Plaintiff's claim is based on an incident that occurred on May 21, 2020. Plaintiff's claim accrued on that same date, and it is apparent from the face of the complaint that he knew then of the injury that was the basis of his claims. Assuming that Plaintiff was entitled to an additional two years to file his claim due to his incarceration, Plaintiff's complaint must have been filed no later than May 21, 2024. However, the complaint in this action was signed and filed with the Court on February 23, 2026. Plaintiff makes no allegations to demonstrate that any equitable tolling should apply or to explain the nearly two-year delay in bringing this action. Thus, Plaintiff's claim is untimely.

**V. Conclusion and Recommendation**

Based on the face of the complaint, Plaintiff's claim is untimely and barred by the

applicable statute of limitations. Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed with prejudice as barred by the applicable statute of limitations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 11, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE